IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01263-KLM

JAMES E. JENNINGS,

    Plaintiff,

v.

MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

    Defendant.

_____

## ORDER TO FILE A SECOND AMENDED COMPLAINT
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Amended Title VII Complaint** [#5][1] (the "Amended Complaint").

### I. Background

On June 24, 2015, the Court ordered Plaintiff to file an amended complaint "that complies with this Order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil." *Order to File an Amended Complaint* [#4] at 4.  On July 21, 2015, Plaintiff filed the Amended Complaint. *See generally Am. Compl.* [#5].  However, Plaintiff did not cure the deficiencies identified in the Court's June 24, 2015 Order.  The only change Plaintiff made to the original Complaint was the addition of the following sections: "Amendment Title VII," "Failure to

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Promote," Hostile Work Environment," and "Harassment." These sections do not state a claim for relief. In its entirety, the section titled "Failure to Promote" states "[o]ffice provided obstacles, does not promote pro se art/skill interest." *Am. Compl.* [#5] at 7. Similarly, in its entirety the section titled "Hostile Work Environment" states "[s]ymbiotic disambiguation - presuppose quarreling while manufacturers produce, opposition rather than collaborative registration and enforce regulation." *Id.* In its entirety the section titled "Harassment" states "misleading suggestions of obscure tangent pathways to securing registration. Backward mobility compromises the mission or intent of the interrogatories. Misrepresentation." *Id.* The section titled "Amendment Title VII" is confusing. In part it states that "[h]arassment, hostile work environment, and failure to promote ensued . . . ." *Id.* at 6. However, there is no factual context provided that would allow the Court and Defendant to understand what legal claim or claims Plaintiff asserts against Defendant.

## II. Analysis

As the Court explained in its June 24, 2015 Order:

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled

> to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. A complaint that does not comply with this may also be subject to dismissal.

*Order to File an Amended Complaint* [#4] at 1-2. Plaintiff's Amended Complaint does not meet this standard and is therefore subject to dismissal. However, because Plaintiff proceeds pro se, the Court will give Plaintiff **one final chance to amend his claims**. If Plaintiff wishes to further amend his claims, he may file a Second Amended Complaint. However, Plaintiff is reminded that

> "to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).

*Order to File an Amended Complaint* [#4] at 2. As the Court previously explained:

> Plaintiff's [Amended] Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details, such as the date of any specific actions by Defendant. For example, while Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to allege that he was employed by Defendant or provide the date when his employment was terminated. Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in opposition to an unlawful employment practice. *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).

*Order to File an Amended Complaint* [#4] at 2-3.

### III. Conclusion

In order to secure the just, speedy, and inexpensive determination of this matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the Court finds it necessary to sua sponte strike the Amended Complaint [#5] due to its failures as set forth above. The Court grants Plaintiff leave to file a Second Amended Complaint that complies with this

Order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.

IT IS FURTHER **ORDERED** that if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this Order** the action will be dismissed without further notice.

Dated:  August 13, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge