IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01263-KLM

JAMES E. JENNINGS,

      Plaintiff,

v.

MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office,

      Defendant.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Second Amended Title VII Complaint**

[#8][1] (the "Second Amended Complaint").

### I. Background

      On June 24, 2015, the Court ordered Plaintiff to file an amended complaint "that

complies with this Order, the Federal Rules of Civil Procedure, and the Local Rules of

Practice of the United States District Court for the District of Colorado-Civil." *Order to File

an Amended Complaint* [#4] at 4.  On July 21, 2015, Plaintiff filed the Amended Complaint.

*See generally Am. Compl.* [#5].  However, Plaintiff did not cure the deficiencies identified

in the Court's June 24, 2015 Order.  As a result, on August 13, 2015, the Court ordered

Plaintiff to file a Second Amended Complaint.  *See generally Order to File a Second*

_____

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use
this convention throughout this Order.

*Amended Complaint* [#7].   As the Court noted in that Order, while Plaintiff did add to the

Complaint, "there is no factual context provided that would allow the Court and Defendant

to understand what legal claim or claims Plaintiff asserts against Defendant."   *Order to File*

*a Second Amended Complaint* [#7] at 2.   The Court again explained the requirements of

Fed. R. Civ. P. 8 and concluded that "Plaintiff's Amended Complaint does not meet this

standard and is therefore subject to dismissal."   *Id.* at 3.   On August 18, 2015, Plaintiff filed

his Second Amended Complaint [#8].

In the Second Amended Complaint, Plaintiff adds two sections titled "Amendment:

Information Disclosure Vulnerability" and "Metes and Bounds."   *Second Am. Compl.* [#8]

at 7-8.   In the section titled "Amendment: Information Disclosure Vulnerability," Plaintiff

discusses the Data Protection Act of 1998 and the Crime and Disorder Act of 1998.   *Id.* at

7.   However, Plaintiff does not relate these statutes to himself or this lawsuit in any way.

In the section titled "Metes and Bounds," Plaintiff states: "Public interest disclosure

encourages citizens to raise suspected wrong doing within the public sector" and lists five

cases with their citations.   *Id.* at 8 (emphasis omitted).   Plaintiff then states: "Recorded

contacts and the number are of [sic] docket and telephonic communication nature per

USPTO case and will be requested and/or presented within discovery."   *Id.* (emphasis

omitted).   Neither of these sections state a claim or provide any further clarification of the

basis for Plaintiff's lawsuit.

## II.  Analysis

As the Court previously explained to Plaintiff:

"[A] complaint must contain sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8.  A complaint that does not comply with this may also be subject to dismissal.

*Order to File an Amended Complaint* [#4] at 1-2; *Order to File a Second Amended Complaint* [#7] at 2-3.  Plaintiff's Second Amended Complaint does not meet this standard and is therefore subject to dismissal.

As the Court also explained to Plaintiff,

"to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).

*Order to File an Amended Complaint* [#4] at 2.  Plaintiff's Second Amended Complaint "fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details . . . ."  *Order to File an Amended Complaint* [#4] at 2-3.  In the Second Amended Complaint, Plaintiff states that Defendant is sued in her official capacity as Undersecretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.  *Second Am. Compl.* [#8] at 2.  However, Plaintiff provides no explanation of what actions she took that relate to Plaintiff or that form a basis for any legal

3

claims.  This does not meet the pleading standard explained to Plaintiff in the Court's June

24, 2015 Order, to the effect that a complaint

> must provide fair notice to the defendant sued of what the claims are and the
> grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the
> Court to conclude that the allegations, if proven, show that the plaintiff is
> entitled to relief.  *Monument Builders of Greater Kansas City, Inc. v. Am.
> Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989).

*Order to File an Amended Complaint* [#4] at 1-2.  As the Court also noted in its June 24,

2015 Order:

> The Court must construe the Complaint liberally because Plaintiff is not
> represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21
> (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the
> Court should not act as a pro se litigant's advocate.  *See Hall*, 935 F.2d at
> 1110.

*Order to File an Amended Complaint* [#4] at 2.  This means that the Court cannot create

legal claims for Plaintiff when he does not offer factual allegations to support a legal claim.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court

cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments and searching the record.").  To the contrary, it is Plaintiff's responsibility to

"'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570).

       As Plaintiff was advised, the twin purposes of a pleading are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and to

allow the Court to conclude that the allegations, if proven, show that Plaintiff is entitled to

relief.  *Order to File an Amended Complaint* [#4] at 1-2.  The requirements of Fed. R. Civ.

P. 8 are designed to meet these purposes.  *See TV Comm's Network, Inc. v. ESPN, Inc.*,

767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

4

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *See Order to Filed an Amended Complaint* [#4] at 2. Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  The Second Amended Complaint fails to meet the requirements of Rule 8 and is therefore subject to dismissal.

### III. Conclusion

For the reasons stated above, the Court concludes that this case should be dismissed without prejudice.   However, this case was assigned to the undersigned pursuant to the Pilot Project to Assign Civil Cases to Full Time Magistrate Judges and the deadline to file a consent form has not elapsed.  As a result, this case must be reassigned to a District Judge.  Accordingly,

IT IS HEREBY **ORDERED** that this case shall be assigned to a District Judge under D.C.COLO.LCivR 40.1(a).

IT IS RESPECTFULLY **RECOMMENDED** that the Complaint, the Amended Complaint, the Second Amended Complaint, and the action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b) because Plaintiff has failed to file a pleading

that complies with the pleading requirements of the Federal Rules of Civil Procedure.

Dated:  September 8, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge